# GLACIER LAW LLP

DANDAN PAN*  
41 MADISON AVENUE, STE. 2529  
NEW YORK, NY 10010  
EMAIL: DANDAN.PAN@GLACIER.LAW  
WWW.GLACIER.LAW  

TELEPHONE (332) 208-1523  
FACSIMILE (312) 801-4587  

*Admitted in New York

---

**BY ECF**

November 18, 2025  
**MEMORANDUM ENDORSED**

Honorable Gregory H. Woods  
Daniel Patrick Moynihan United States Courthouse  
Southern District of New York  
500 Pearl St. Room 12C  
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/18/2025
```

**Re:** *Shenzhen Risheng Yueheng E-Commerce Co., Ltd. v. Vesync (US) Corp.,* No. 1:25-cv-07547-GHW  
**Joint Letter Regarding (1) Expedited, Limited Discovery (2) an Extended Briefing Schedule, and (3) a Preliminary Injunction Evidentiary Hearing**

Dear Judge Woods:

The following constitutes a joint letter from Plaintiff Shenzhen Risheng Yueheng E-Commerce Co., Ltd. ("Plaintiff" or "RY") and Defendant Vesync (US) Corporation ("Defendant" or "Vesync") (collectively, the "Parties"). In accordance with Your Honor's Individual Practices, we respectfully submit this joint letter concerning Plaintiff's request for: (1) expedited discovery limited to issues raised in Defendant's motion for preliminary injunction; (2) an extended briefing schedule on said motion; and (3) a preliminary injunction evidentiary hearing. Plaintiff's current deadline to respond to the preliminary-injunction motion is November 24, 2025.

Plaintiff proposes the following schedule:
- Expedited discovery limited to preliminary injunction issues: 60 days from entry of the Court's order;
- Plaintiff's opposition to the preliminary injunction motion: 14 days after the close of expedited discovery;
- Defendant's reply: 7 days after Plaintiff files its opposition.
- Evidentiary Hearing: 14 days after Defendant files its reply, or another date set by the Court.

Plaintiff further requests that the Court direct Defendant to: (1) serve its responses to Plaintiff's expedited-discovery requests within ten days of service; and (2) produce its witnesses for deposition within two weeks after serving those responses. As noted below, given that Defendant's chief witness apparently resides in China, such deposition can proceed virtual if most convenient for the witness.

Vesync does not believe that discovery is warranted at this stage, given the very limited nature of the relief being sought and the fact that the supporting evidence for its motion is provided by a reputable, independent, third-party laboratory. However, in the interest of reaching a compromise and resolving this emergency motion expeditiously prior to the holiday shopping season, Vesync is willing to make Jeremy Liauw available for deposition prior to December 4, 2025. Accordingly,

1 | P a g e

Vesync proposes that Plaintiff's opposition be filed no later than December 5, with Vesync's reply due by December 12.

I. **Factual Background.**

**Plaintiff:**

Without prior notice or any meet-and-confer, Defendant filed its motion for preliminary injunction at 11:27 p.m. EST on November 10, 2025. On November 12, 2025, counsel for Plaintiff and Defendant had a meeting. During that discussion, Plaintiff proposed expedited discovery limited to preliminary injunction issues—including depositions of Defendant's declarants and the retention of experts—to allow Plaintiff to prepare a meaningful response. Defendant requested that Plaintiff provide its proposal in writing.

On the following day, November 13, 2025, Plaintiff circulated a proposed schedule and requested a second meet-and-confer should Defendant disagree. Defendant responded that it was "unable to respond without knowing the full scope of discovery," despite the fact that this was discussed at length during the meet and confer.

On November 14, 2025, Plaintiff further clarified that the requested discovery will be limited to issues raised in the preliminary injunction motion and again requested a conference to discuss the scope and schedule. Defendant failed to respond.

**Defendant:**

While Vesync generally agrees with the factual summary provided above, Plaintiff misrepresents a key detail. On November 11, Vesync's counsel requested a meet and confer with Plaintiff's counsel to discuss a ***settlement proposal***. During this meeting on November 12, Plaintiff's counsel, for the first time, raised the issue of expedited discovery. Since this topic was unrelated to the settlement discussion, Vesync asked Plaintiff to submit its proposal in writing. Consequently, Plaintiff's proposal was not discussed by the parties during the meet and confer.

On the evening of November 13, Plaintiff sent a proposed schedule for expedited discovery but did not provide any explanation regarding the scope or nature of the discovery being sought. The next morning, Vesync promptly replied and requested clarification about the scope of the requested discovery. On Friday, November 14, Plaintiff responded with a brief email indicating an intent to depose two witnesses, conduct expert discovery, and pursue any additional relevant issues that may arise during discovery. Plaintiff demanded this draft letter on Monday morning before Vesync had an opportunity to respond.

II. **Expedited Preliminary Injunction Discovery.**

**Plaintiff:**

Good cause exists to permit targeted expedited discovery; to adjust the briefing schedule so that Plaintiff may meaningfully address the issues raised in Defendant's motion; and an evidentiary hearing. "The management of discovery, including the timing and scope of discovery, lies within the sound discretion of the Court." *Raza v. City of N.Y.*, 998 F. Supp. 2d 70, 75 (E.D.N.Y. 2013). Courts in this circuit apply a flexible standard of reasonableness and good cause in evaluating motions for expedited discovery. *3M Co. v. HSBC Bank USA, N.A.*, 16-CV-5984, 2016 U.S. Dist. LEXIS 189249, at *3 (S.D.N.Y. Oct. 20, 2016). Courts routinely grant motions for expedited discovery upon a showing of reasonableness and good cause. *See, e.g., LSSi Data Corp. v. Time Warner Cable, Inc.*, 892 F. Supp. 2d 489, 498 (S.D.N.Y. 2012) (noting that the court had previously granted defendant's request for expedited discovery on plaintiff's preliminary injunction motion);

*Pearson Educ., Inc. v. Doe*, No. 12 CIV. 4786 BSJ KNF, 2012 WL 4832816, at *3 (S.D.N.Y. Oct. 1, 2012) (stating that courts have applied "the flexible standard of reasonableness and good cause" when deciding motions for expedited discovery) (collecting cases); *Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007) (same).

Here, good cause easily exists. Defendant seeks to preliminarily enjoin Plaintiff from engaging in HEPA-related advertising—relief that, if granted, would inflict immediate and irreparable harm on Plaintiff's business, reputation, and relationships with consumers and counterparties. Plaintiff should not be required to respond to such a drastic request on a one-sided, undeveloped record created solely by Defendant. Targeted, expedited discovery is necessary to allow Plaintiff to test Defendant's factual assertions, to develop its own evidentiary record, and to present a fair and informed response to the motion.

Plaintiff's request is also narrow and proportional to the needs of the case. Plaintiff seeks leave to: (1) serve a focused set of requests for production and interrogatories directed to the specific allegations and factual assertions made in the preliminary-injunction motion; (2) take the depositions of the two declarants on whose testimony Defendant relies, Jeremy Liauw—who is located in Chongqing, China (Dkt. 29 at 6)—and Bill Lin; and (3) issue subpoenas to SGS concerning the three purported tests that Defendant submitted in support of the motion. In addition, Plaintiff is in the process of retaining an expert to opine on the applicable HEPA standards and the methodology and conclusions of the testing reports on which Defendant's motion is premised. Absent this limited discovery, Plaintiff will be forced to respond to a sweeping request for preliminary relief without any meaningful opportunity to probe the reliability, completeness, or context of Defendant's evidence.

Finally, Plaintiff's requested discovery schedule is eminently reasonable in light of the extraordinary relief Defendant seeks. Plaintiff is not requesting open-ended merits discovery; it seeks only a defined, 60-day period of targeted expedited discovery limited to the issues Defendant has injected through its preliminary injunction motion, followed by a short period for Plaintiff's opposition and a brief reply period for Defendant. This modest framework simply ensures that the Court adjudicates the motion on a complete and balanced record—rather than on untested declarations, unverified testing reports, and a one-sided factual narrative that has never been subject to examination. Anything less would risk significant—and entirely avoidable—prejudice to Plaintiff.

As reflected in the discovery items identified above, each witness and third party from whom Plaintiff seeks discovery possesses unique, material information that goes directly to the factual assertions underlying Defendant's motion. Their testimony and documents are indispensable to developing an accurate evidentiary record for the preliminary injunction proceedings. Critically, key witnesses are located abroad, including Defendant's own declarant, Mr. Jeremy Liauw, who resides in Chongqing, China. Plaintiff must also obtain third-party evidence from SGS concerning the three tests Defendant submitted. These are not burdensome or expansive requests; they are the minimum necessary to test the factual foundation of Defendant's allegations. Without access to discovery, Plaintiff would be deprived of a fair opportunity to rebut Defendant's factual assertions and would effectively be forced to defend itself in the dark.

Accordingly, Plaintiff respectfully requests that the Court authorize Plaintiff to serve expedited discovery on Defendant. Plaintiff further requests that the Court order Defendant to serve its responses and objections within ten days of service and to produce its witnesses for deposition within two weeks after its responses are served. Plaintiff also requests that the Court set a preliminary injunction evidentiary hearing following the close of expedited discovery.

Plaintiff's counsel will continue to meet and confer with Defendant's counsel regarding the scheduling of depositions, expert disclosures, third-party discovery, and proposed dates for the evidentiary hearing.

**Defendant:**
Plaintiff has not demonstrated the necessary good cause for expedited discovery. From the beginning of this dispute, Plaintiff has consistently employed delay tactics to avoid answering questions about its advertising. If Plaintiff were genuinely interested in resolving the matter efficiently, it could have provided the supporting data and evidence for its advertising claims in the NAD proceeding as early as August. Specifically, a test report showing that its filters are HEPA compliant and achieve 99.97 percent efficiency in capturing 0.3 micron particles—a fact that can be readily confirmed or challenged through a standard filtration test, without the need for expert discovery.

However, Plaintiff—a foreign entity with no assets in the United States—does not appear to possess such data and is instead relying on delay tactics to take advantage of peak sales during the holiday season. Once the season ends, Plaintiff may simply cease operations and reappear under a new account or platform. This is precisely why Vesync filed its motion early in November, aiming to address the issue at the outset of the shopping season. To further streamline the process, Vesync strategically limited the scope of its motion to enjoy only two factual advertising statements out of approximately two dozen, and one product out of five at issue in this case. Vesync's request is narrowly tailored; it is simply asking Plaintiff to stop making these two specific statements while the case is pending, not to halt sales of the underlying product. As expected, Plaintiff has responded with vague and unsupported discovery requests—none of which are specifically tied to the facts of this case and are the type commonly made in response to any preliminary injunction motion—clearly intended at delaying the resolution of this motion. Accordingly, Vesync opposes Plaintiff's request for expedited discovery on the following grounds because Plaintiff's request is unreasonable and they have not shown an irreparable injury as a result of not receiving the requested relief. *Litwin v. OceanFreight Inc.*, 865 F.Supp.2d 385, 402 (S.D.N.Y. 2011) (denying plaintiff's request for expedited discovery where plaintiff had shown neither a probability of success on the merits nor an irreparable injury, and where the breadth of plaintiff's requests were unreasonable and provided no concrete basis to justify expedited discovery).

First, the discovery that Plaintiff seeks is not necessary for its argument. As previously noted, Plaintiff requests depositions of two Vesync witnesses, Jeremy Liauw and Bill Lin, as well as the retention of an expert and issuance of a third party subpoena to SGS. Vesync has already provided test results from SGS, a reputable, third-party, independent laboratory, in support of its motion. The Declaration of Bill Lin simply describes how Vesync obtained the tests and authenticates the documents, making it unclear what Plaintiff aims to achieve by deposing Mr. Lin aside from pursuing discovery for its own sake. As for Mr. Liauw, his declaration establishes that Vesync will suffer irreparable harm if the motion is denied; however, in Lanham Act cases, irreparable harm is presumed, and Plaintiff has not shown that Vesync is not entitled to this presumption. Accordingly, even if Mr. Liauw is deposed, his testimony will not change the outcome of the motion. For these reasons, the requested discovery is not necessary for Plaintiff to adequately respond.

It is also important to note that Vesync's burden for obtaining a preliminary injunction is to demonstrate a likelihood of success on the merits—not to conclusively prove its case. Plaintiff can challenge Vesync's position simply by submitting its own test data showing the efficiency of

its filters—no deposition, subpoena or expert opinion is needed. Presumably, Plaintiff does not have such data, which is why it now seeks broad, sweeping discovery in an attempt to delay these proceedings as much as possible.

Next, Vesync's motion for preliminary injunction has minimal impact on Plaintiff, and the balance of harms clearly favors Vesync. Plaintiff claims that Vesync is seeking "drastic" and "extraordinary relief" through its motion, but this portrayal is both inaccurate and misleading. In fact, Vesync's request is narrowly tailored and highly limited: it asks the Court only to enjoin Plaintiff from making *two specific factual advertising statements about a single product*. This relief constitutes a small subset of Vesync's broader counterclaims, which involve five products and nearly two dozen advertising statements. Vesync's targeted approach demonstrates careful restraint and respect for judicial economy. In contrast, Plaintiff's discovery and procedural requests are broad and sweeping, attempting to expand the scope of this preliminary proceeding far beyond what is necessary or appropriate.

Moreover, denying Plaintiff's discovery request will not result in any prejudice to Plaintiff. Plaintiff would merely be required to remove two statements from one of its product listings on Amazon until full discovery is conducted in this case. At that point, Plaintiff will have the opportunity to pursue all depositions, subpoenas, and expert testimony necessary. Conversely, granting Plaintiff's discovery request at this preliminary stage would harm Vesync during the holiday shopping season and enable Plaintiff to unnecessarily delay the proceedings. Plaintiff has not shown that they would suffer an irreparable injury if the request is not granted nor how expedited discovery would prevent such irreparable injury. *See Litwin*, 865 F.Supp.2d at 402.

Vesync has demonstrated a strong likelihood of success on the merits, as test data from a reputable, independent third-party laboratory confirms that Plaintiff's advertising claims regarding HEPA compliance and 99.97% efficiency are false. In light of this evidence, Vesync respectfully requests that the Court deny Plaintiff's attempts to delay the relief Vesync is seeking and not permit Plaintiff to pursue expedited discovery.

As a compromise, Vesync is prepared to make Jeremy Liauw available for deposition on an expedited basis, provided it takes place no later than December 4. Additionally, Vesync requests that if the Court grants Plaintiff's requested relief, any discovery be strictly limited to the subject matter addressed in the witness's declaration.

### III. Conclusion

**Plaintiff:**

For the foregoing reasons, Plaintiff respectfully requests that the Court adopt the foregoing revisions to the proposed discovery schedule to address Defendant's motion for a preliminary injunction.

**Defendant:** For all the reasons outlined above, Vesync opposes expedited discovery, an extended briefing schedule, and a preliminary injunction evidentiary hearing. Plaintiff has not demonstrated good cause for any of these requests, and Vesync believes that the current record is sufficient for the Court to resolve the pending motion.

|  |  |
|---|---|
|  | Respectfully,<br>**GLACIER LAW LLP** |
| Date: *November 18, 2025* | /s/ Dandan Pan<br>Dandan Pan, Esq.<br>Tao Liu, Esq.<br>41 Madison Avenue, Ste. 2529<br>New York, NY 10010<br>dandan.pan@glacier.law<br>tao.liu@glacier.law |
|  | Kevin J. O'Connor<br>Peckar & Abramson, P.C.<br>70 Grand Avenue<br>River Edge, NJ 07661<br>Telephone: (201) 343-3434<br>Email: koconnor@pecklaw.com |
|  | ***Attorneys for Plaintiff*** |
| Date: *November 18, 2025* | /s/ Sarah Spellman<br>Armin Ghiam<br>Sarah Spellman<br>Hunton Andrews Kurth LLP<br>200 Park Ave.<br>New York, New York 10166<br>Tel.: (212) 908-6207<br>AGhiam@Hunton.com<br>SSpellman@Hunton.com |
|  | *Attorneys for Defendant*<br>*Vesync (US) Corporation* |

The Court will hold a conference to discuss Plaintiff's discovery request on November 20, 2025, at 2:00 p.m., in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York, 10007. The Court will also discuss Plaintiff's proposed motion to dismiss Defendant's counterclaims during this conference.

SO ORDERED.
Dated: November 18, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge