# GLACIER LAW LLP

| | | |
|---|---|---|
| DANDAN PAN* | 41 MADISON AVENUE, STE. 2529 NEW YORK, NY 10010 EMAIL: DANDAN.PAN@GLACIER.LAW WWW.GLACIER.LAW | TELEPHONE (332) 208-1523 FACSIMILE (312) 801-4587 *Admitted in New York |

**MEMORANDUM ENDORSED**

November 26, 2025

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: _11/26/2025_

**BY ECF**

Honorable Gregory H. Woods
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl St. Room 12C
New York, NY 10007-1312

**Re: *Shenzhen Risheng Yueheng E-Commerce Co., Ltd. v. Vesync (US) Corp.,* No. 1:25-cv-07547-GHW**

Dear Judge Woods:

The following constitutes a joint letter from Plaintiff Shenzhen Risheng Yueheng E-Commerce Co., Ltd. ("Plaintiff") and Defendant Vesync (US) Corporation ("Defendant" or "Vesync") (collectively referred to herein as "Parties") pursuant to Rule 2.E of Your Honor's Individual Rules of Practice, as concerns a discovery dispute over the limited discovery set by the Court in its November 20, 2025 Order concerning the pending motion for preliminary injunction.

**Plaintiff:**

Earlier today, Shenzhen Dazhan Pengtu Internet Co., Ltd., the plaintiff in the companion action, was forced to raise this impasse with Judge Rochon. Judge Rochon ordered Defendant to make Mr. Liauw available for a virtual deposition on or before December 15, 2025. If Defendant cannot do so, Judge Rochon will extend the PI motion deadlines by thirty days to permit Plaintiff to take Mr. Liauw's deposition. *Shenzhen Dazhan Pengtu Internet Co., Ltd. v. Vesync (US) Corporation*, No. 1:25-cv-07089-JLR, Dkt. 45. Set forth below is a concise summary of Plaintiff's sustained efforts to meet and confer before turning to this Court.

The Court's November 20, 2025 Order made it abundantly clear that Defendant was to produce for deposition, on or before December 15, 2025, each of the affiants supporting its motion for preliminary injunction.  We have made every effort to get a firm deposition date for the deposition of Jeremy Liauw, but have been met with resistance and obfuscation at every step.  After the hearing we were told that this witness would only be available until December 4, 2025.  I explained to defense counsel that my firm and Glacier Law LLP are both involved in multiple matters in the Eastern District of Virginia the week of December 1, 2025, as well as two separate hearings in the Central District of California on December 4 and 5, 2025.  Defense counsel took the position that Mr. Liauw would only be made available for one day that week and after that, was unavailable.

Defense counsel refused to say when Mr. Liauw would return, or to consent to extend out the discovery dates and hearing date to accommodate this request.

After a meet and confer call, we agreed to go ahead and take Mr. Liauw's deposition next week, and to have his deposition be available for use in both of the two companion matters, by consent. Then, Defendant suddenly took the position that Mr. Liauw is no longer available at all, and stated that they will withdraw his declaration and propose substituting it with the deposition of another person. We object to this, and wish to take the deposition of Mr. Liauw. Defense counsel is refusing to make him available.

Plaintiff respectfully submits that Defendant should be ordered to either withdraw the preliminary injunction motion in its entirety or produce Mr. Liauw the week of December 8, 2025 on a date that is mutually agreed upon by counsel. Alternatively, if in fact Mr. Liauw is truly unavailable prior to December 15, 2025, then the discovery dates and hearing date should be extended by a period of thirty days to allow for him to be deposed. We reiterate that defense counsel has refused altogether to say when Mr. Liauw becomes available again.

**Defendant:**

Defendant has failed to provide its section and has failed to meet and confer.

Date: November 26, 2025

The Court will discuss the parties' discovery dispute during the previously-scheduled pretrial conference in this matter to be held on December 1, 2025 at 4:00 p.m. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 35.

SO ORDERED.
Dated: November 26, 2025

_____
GREGORY H. WOODS
United States District Judge

Respectfully,
**GLACIER LAW LLP**

/s/ Dandan Pan
Dandan Pan, Esq.
Tao Liu, Esq.
41 Madison Avenue, Ste. 2529
New York, NY 10010
dandan.pan@glacier.law
tao.liu@glacier.law

Kevin J. O'Connor
Peckar & Abramson, P.C.
70 Grand Avenue
River Edge, NJ 07661
Telephone: (201) 343-3434
Email: koconnor@pecklaw.com

***Attorneys for Plaintiff***