# GLACIER LAW LLP

DANDAN PAN*

41 MADISON AVENUE,
STE. 2529
NEW YORK, NY 10010
EMAIL: DANDAN.PAN@GLACIER.LAW
WWW.GLACIER.LAW

TELEPHONE (332) 208-1523
FACSIMILE (312) 801-4587

*Admitted in New York

December 5, 2025

**MEMORANDUM ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/9/2025

**BY ECF**

Honorable Gregory H. Woods, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl St. Room 12C
New York, NY 10007-1312

**Re: *Shenzhen Risheng Yueheng E-Commerce Co., Ltd. v. Vesync (US) Corp.,* No. 1:25-cv-07547-GHW**

Dear Judge Woods:

The following constitutes a joint letter from Plaintiff Shenzhen Risheng Yueheng E-Commerce Co., Ltd. ("Plaintiff") and Defendant Vesync (US) Corporation ("Defendant" or "Vesync") (collectively referred to herein as the "Parties") pursuant to Rule 2.E of Your Honor's Individual Rules of Practice. This letter addresses Plaintiff's request concerning an adjustment to the briefing schedule on the motion for preliminary injunction.

**Plaintiff:**

In the companion action, on December 2, 2025, Judge Rochon extended the discovery period and briefing schedule on Defendants' motion for preliminary injunction after Defendant declined to make declarant Jeremy Liauw available in a timely manner and belatedly disclosed an intention to introduce additional affiants. Judge Rochon ordered that Plaintiff's deadline to oppose Defendant's preliminary injunction motion (Dkt. 27) is extended to January 12, 2026, and that the preliminary injunction hearing be adjourned to February 11, 2026. (*Shenzhen Dazhan Pengtu Internet Co., Ltd. v. Vesync (US) Corporation*, No. 25-cv-7089-JLR, Dkt. 49.)

Judge Rochon further ordered that Defendant must make all declarants available for deposition before Plaintiff's opposition deadline. (*Id.*) ***Importantly, before Judge Rochon, the parties stipulated that depositions and testimony may be used interchangeably in both actions for purposes of the preliminary injunction motions.***

In addition, the Court's November 20, 2025 Order in this case (the "November 20 Order") made it abundantly clear that Defendant was to identify, on or before November 26, 2025, "any individual that it plans to present evidence from in connection with its motion other than the two declarants identified in its motion papers…." (Dkt. 33). The November 20 Order also makes it clear that unless such person was identified by that date and made available, there would be no

1 | P a g e

consideration of any submission by any such individual. (*Id.*) On November 26, 2025, we received an email from Defendant's counsel identifying the following persons as falling within the scope of the Court's Order: Francis Offerman; John Lee; and "a witness from SGS, likely Daniel Miller or David Wright". (*See* Ex A). However, this came with a significant caveat by Defendant's counsel, who stated the following:

> "[a]s Defendant has not yet received Plaintiff's opposition to the motion for preliminary injunction, Defendant is unable to determine at this time whether any of these witnesses will offer testimony or the nature of their potential testimony." (*Id.*)

This statement by Defendant's counsel shows that his client has sought at every turn to undermine this Court's rather clear Order and instructions, by leaving us guessing as to whether, in fact, such witnesses will actually be used in his client's motion. Nonetheless, we have arranged to depose witnesses Francis Offerman, John Lee and Bill Lin next week. After a meet and confer on December 4, 2025, we were able to agree upon a date for yet another newly disclosed SGS witness, Daniel Nedry (who was not properly identified by November 26, 2025, despite Your Honor's clear instructions), whose deposition is set for December 12, 2025.

We have endeavored schedule these four depositions next week, but there is possible way we will receive the transcripts from these depositions in time to meet the current briefing schedule in this matter, much less have time to review them for accuracy and properly work them into the brief.

Given Defendant's shifting witness positions, its withdrawal and refiling of the preliminary injunction motion, and its belated identification of the SGS witness in violation of the November 26, 2025 deadline, and particularly in light of the parties' stipulation as to consolidation of such depositions, we have requested Defendant to consent to make the deadlines the same in both cases. Defendant has refused.

The same exigencies that existed to justify Judge Rochon's thirty-day extension exist here, and given that Defendant has stipulated to the consolidated discovery as between these two actions for purposes of the PI motions, it is imperative that the discovery and briefing dates be matched. There is simply no logic to having a shorter schedule in this action, and by refusing to agree to the extension, Defendant is in violation of the stipulation agreeing to the consolidation.

Regarding the allegation that "in the Chicago case, counsel has abruptly demanded four depositions," that assertion is a plain misrepresentation of the record and concerns an issue wholly irrelevant to this matter. In the Chicago case, there has long been a scheduling deadline for depositions, and there was no "abrupt" demand. To the contrary, the party represented by Defendant's counsel agreed to produce Jeremy Liau during the week of December 8, 2025, and then abruptly canceled—mirroring the conduct exhibited here and in the companion action. The court in the Northern District of Illinois has directed the parties to provide a firm schedule in compliance with the January 2, 2026 deadline. *See* Exhibit 2.

Further, the discovery Plaintiff seeks here is expressly confined to the PI issues. The Requests for Admission served in Judge Rochon's case were routine, timely, and fully consistent with that

court's scheduling order. Plaintiff is entitled to pursue ordinary discovery in that action—and likewise in this one. Defendant's characterization of those requests as "broad and irrelevant" is yet another attempt to sidestep its discovery obligations. If Defendant intends to lodge blanket objections and refuse to respond on that basis, Plaintiff reserves the right to move to compel and seek sanctions.

For the foregoing reasons, Plaintiff respectfully requests that this Court extend the briefing schedule in this matter to ensure fairness and procedural efficiency, and to give Plaintiff the benefit of the stipulation it entered into with Defendant in the other action. Plaintiff respectfully requests that the Court give Plaintiff until January 12, 2026 to depose any witnesses properly identified by Defendant (as a safeguard if any of the witnesses identified should prove unavailable for any reason, or there is some emergency that may arise) and to oppose the preliminary injunction motion.

**Defendant's Position:**

Defendant respectfully opposes Plaintiff's request to extend the schedule in this matter to match that of a separate case pending before Judge Rochon. There is no valid reason for such an extension. Plaintiff's assertions mischaracterize Defendant's compliance with this Court's orders. Defendant has met all document production obligations and worked diligently to schedule depositions as required. At this point, it is undisputed that all depositions of the identified witnesses have been scheduled, and their declarations have been executed and made available to Plaintiff ***well in advance*** of their respective depositions. Plaintiff's attempt to synchronize this action's schedule with another is a deliberate attempt to frustrate the progress of this case and obtain discovery beyond the expedited discovery that it has already obtained from this Court. There is no requirement, or benefit, that both cases follow identical schedules. Nor does the parties' agreement regarding consolidation of depositions mandate uniform briefing schedules. This is a transparent effort to play this Court and its schedule against another, with no legitimate reason other than to delay resolution of the motion on the merits.

Defendant has complied with the Court's November 20, 2025 Order (Dkt. 33) by timely and in good faith identifying witnesses. On November 26, Defendant's counsel named Francis Offerman, John Lee, and a witness from SGS. Defendant has also made the declaration of these witnesses available to Defendant. For example, the declaration of the SGS witness was made available on December 2—which is 10 days before the scheduled deposition. At this point, there are no outstanding discovery or scheduling obligations for Defendant, and evidence that Defendant intends to rely on in connection with its motion for preliminary injunction has been made available to Plaintiff. These facts are not disputed by Plaintiff.

Plaintiff's description of the parties' exchange regarding the scope of the depositions relates to an issue that has already been resolved more than a week ago. Indeed, on November 26, the day before Thanksgiving, Defendant identified all the witnesses that it intends to rely on in supporting its motion for preliminary injunction. Subsequently, counsel for Plaintiff requested deposition dates for these witnesses. On Friday, the next business day after Thanksgiving, Defendant informed Plaintiff that all the witnesses will be made available, and to avoid prejudice to Plaintiff and delineate the scope of the depositions, all their declarations will be made available well in advance

of the deposition—which is precisely what Defendant has done. *See* Exhibit 3. Therefore, there was no "deliberate undermining" or a violation of the Court's Order.

Plaintiff, in contrast, has repeatedly frustrated the schedule by refusing to cooperate. While a team of five attorneys from two law firms with dozens of attorneys represent Plaintiff in this case, Plaintiff rejected multiple deposition dates (insisting that only one of their attorneys must take all the depositions), unreasonably refused to meet and confer on scheduling and discovery issues, and unnecessarily manufactured issues to delay this proceeding (*e.g.*, insisting that unless the depositions are scheduled at 12 PM ET instead of 1 PM ET for witnesses located in California, Plaintiff would write a letter to this Court without any meet and confer). Despite these challenges, all depositions are scheduled, and Defendant has remained forthright and accommodating throughout. Plaintiff now demands additional, previously unrequested discovery that is irrelevant to the PI motion, seeking an unquestionable tactical delay. But the discovery Plaintiff seeks exceeds what is warranted for the upcoming PI motion. For instance, just before receiving this draft letter, Defendant was served with broad and irrelevant requests for admission in Judge Rochon's case, which are likely to be repeated here if the schedule is extended. These requests only serve to prolong proceedings with unnecessary discovery when Plaintiff could have sought this discovery in the parties' initial conference with the Court on November 20. Similarly, in the Chicago case, counsel has abruptly demanded 4 depositions back to back on January 5-8, the week before its opposition is due in the case before Judge Rochon.

Plaintiff's concerns about transcript preparation and briefing are similarly unfounded. Plaintiff's opposition is due December 22—which is 10 days after the final deposition is scheduled. Plaintiff is represented by a team of 5 attorneys from two separate law firms with dozens of attorneys and multiple offices around the country. None of Defendant's witnesses submitted a declaration more than a few pages. Indeed, Bill Lin's declarations is 4 pages, John Lee's declarations is 6 pages, SGS's witness' declaration is 3 pages, and Francis Offerman's declaration is 4 pages. Given the Court's order that the scope of the depositions are strictly limited to the testimony presented in the declaration, it would be unusual for any of these depositions to exceed a few hours—indeed, counsel for Plaintiff acknowledges that the deposition of SGS' witness would not go over one hour. As such, the current schedule allows sufficient time to obtain transcripts, and in fact, court reporters routinely provide expedited service of one business day. Therefore, Plaintiff's suggestion that it is "impossible" to meet the current schedule is unsupported. And if anything, Plaintiff was aware of this issue when the Court issued the schedule for the discovery relating to Defendant's motion on November 20. Furthermore, Plaintiff fails to explain why an extension of 3 weeks is necessary, when Plaintiff has been aware of Defendant's motion and its arguments for nearly a month and its opposition is not due for nearly 3 weeks.

Finally, extending the schedule as Plaintiff proposes would necessitate rescheduling the January 27 PI hearing, which is unwarranted. (Text Docket Entry dated November 20.) The current schedule ensures efficient resolution of the issues before the Court, and there is no good cause for further delay. Plaintiff's proposed schedule requires Defendant to file a Reply brief on January 19, which is one week before the scheduled hearing, and this will necessitate rescheduling the hearing. As Defendant has explained before, this case should have resolved a long time ago in August, but at every step of the way, Plaintiff has refused to engage in a meaningful discussion and sought to

delay the proceeding. Defendant respectfully requests that Plaintiff is not granted another opportunity to delay this proceeding, and thus, its motion to extend the schedule should be denied.

Respectfully,
**GLACIER LAW LLP**

Date: December 5, 2025

/s/ Dandan Pan
Dandan Pan, Esq.
Tao Liu, Esq.
41 Madison Avenue, Ste. 2529
New York, NY 10010
dandan.pan@glacier.law
tao.liu@glacier.law

Kevin J. O'Connor
Peckar & Abramson, P.C.
70 Grand Avenue
River Edge, NJ 07661
Telephone: (201) 343-3434
Email: koconnor@pecklaw.com

***Attorneys for Plaintiff***

Date: December 5, 2025

/s/ *Sarah Spellman*
Sarah Spellman
*Attorneys for Defendant Vesync (US) Corporation*

The Court will hold a telephonic conference regarding the parties' discovery dispute on December 10, 2025 at 3:00 p.m. The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Individual Rules. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 50.

SO ORDERED.
Dated:  December 9, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge
