## HUNTON

### MEMORANDUM ENDORSED

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 01/07/2026

ARMIN GHIAM
DIRECT DIAL: 212 • 908 • 6207
EMAIL: aghiam@hunton.com

January 7, 2026

FILE NO: 127424.0000097

**Via ECF**

Hon. Gregory H. Woods, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl St. Room 12C
New York, NY 10007-1312

**Re:**   ***Shenzhen Risheng Yueheng E-Commerce Co., Ltd. v. Vesync (US) Corporation***,
**No. 1:25-cv-07547 (S.D.N.Y. Sep 10, 2025)**

Dear Judge Woods:

We represent Defendant Vesync (US) Corporation ("Vesync") in the above-captioned matter. In light of Vesync's deadline to file a reply brief by Monday, January 12, we write to urgently request expedited discovery related to the test report submitted by Plaintiff in support of its Opposition to Vesync's Motion for Preliminary Injunction ("Motion"). There is good cause for targeted, expedited discovery—specifically, the production of the underlying data supporting Plaintiff's test report. As detailed below, the report lacks basic indicia of authenticity and reliability, and Vesync seeks only limited categories of information to verify the test results. If Vesync receives the requested data by 9 AM ET on Friday, January 9, there will be no need to adjust the current briefing schedule.

As background, on November 10, 2025, Vesync filed its Motion seeking to enjoin Plaintiff from making false statements about its air filters, which are advertised as compatible with certain Vesync-distributed air purifiers. Plaintiff's statements claim that its filters meet the HEPA definition and are capable of capturing 99.97% of airborne particles measuring 0.3 microns. Vesync's Motion was supported by *three* laboratory reports showing that Plaintiff's sample filters fail to capture 99.97% of airborne particles.

On January 6, 2026, Plaintiff filed its Opposition, supported by an expert report from Eric Brown, which in turn attaches a test report from Intertek laboratory purporting to show that Plaintiff's sample filter removes 99.97% of the tested particles. This test was conducted at an overseas laboratory. Upon review by Vesync and its expert, the report raises significant questions regarding its authenticity and reliability, including:

ATLANTA  AUSTIN  BANGKOK  BEIJING  BOSTON  BRUSSELS  CHARLOTTE  DALLAS  DUBAI  HOUSTON
LONDON  LOS ANGELES  MIAMI  NEW YORK  RICHMOND  SAN FRANCISCO  TOKYO  TYSONS  WASHINGTON, DC
www.Hunton.com

# HUNTON

Hon. Gregory H. Woods, U.S.D.J.
January 7, 2026
Page 2

1.  The report's template and format do not match any of the 10 sample Intertek reports Vesync has located. (*Compare* Dkt. 62-1 at 15-19 (Exhibit A) *with* Exhibit B (showing 10 sample Intertek reports).)

2.  The report lists "Building No. 51, 1089 Qinzhou Road (North), Shanghai 200233, China" as the test location, but Intertek does not list this address as an official location on its website. (*See* Exhibit C.)

3.  The sample's dimensions listed (317 x 290 x 35) do not match those found on Plaintiff's Amazon listing (317 x 286.5 x 35) or from three independent SGS tests (320 x 290 x 35), (*see* Dkt. 47 at 7), suggesting an incorrect sample may have been tested.

4.  The report omits the manufacturer's name and address and fails to specify a model number for the sample. Notably, Plaintiff's expert references both "Vital 100" and "Vital 100s" models, even though only the "Vital 100s" is at issue, raising further doubts about the sample tested. (*See, e.g.*, Dkt. 62-1 at 23 and 28.)

5.  The test used DOP as the airborne particle, which is not recommended under Section 9.1.1 of the IEST methodology, and is rarely used in the United States due to carcinogenicity concerns. (*See* Exhibit D.)

6.  The report contains very little data, and many reported figures are exact whole numbers without decimal points, which is atypical and raises concerns about the accuracy or authenticity of the results.

7.  Where a particle size *range* is called for, only a single value—30 microns—is listed, which is not a range and is an unusual oversight for a laboratory such as Intertek. (*See* Dkt. 62-1 at 16.)

8.  Upstream and downstream particle measurements lack units. (*Id*. at 18.)

9.  Only a single test date appears, despite a field for multiple dates. (*Id*. at 17.)

10. The applicant's name, "Shenzhenshi Rishengyueheng Dianzishangwuyouxiangon," is truncated, missing the final "gsi" from "Gongsi."

These anomalies suggest, at best, carelessness in the conduct or preparation of Plaintiff's test and report, and at worst, fabrication for this litigation.

Vesync received Plaintiff's test report late on Monday, January 5, 2026. After consulting with its expert, Vesync promptly requested from Plaintiff's counsel two specific categories of information underlying the report. Specifically, Vesync's requests were as follows:

# HUNTON

Hon. Gregory H. Woods, U.S.D.J.
January 7, 2026
Page 3

- Section F3.2.3 of IEST-RP-CC001.7 addresses the "Uniformity of the challenge aerosol distribution in test duct." Please provide the specific locations and corresponding concentrations for each grid point, both upstream and downstream, as provided under Section F3.2.3.

- In the table on page 2 of the report, the particle size is listed as 0.30 µm, which is not a range. Please provide the actual particle size range from smallest to largest, along with the count median diameter, the mass median diameter, and the raw data from the measurement instrument.

(*See* Exhibit E.)

Providing this data would require minimal effort from Plaintiff and would not create any undue burden. While, under normal circumstances, Vesync might seek a deposition of an Intertek representative, given Intertek's overseas location and in the interests of efficiency, Vesync limits its request to the underlying test data. Accordingly, if Plaintiff provides the data by 9 AM ET on Friday, January 9, 2026, Vesync does not anticipate the need to alter the current schedule for briefing the Motion. Vesync's reply brief is currently due on January 12, 2026, and the Court has scheduled the hearing on the Motion for January 27.

Should Plaintiff fail to produce the requested data, Vesync respectfully requests that the Court exclude the test report, draw an adverse inference, or assign reduced weight or credibility to the evidence.

Although counsel for the parties discussed the possibility of expedited discovery on January 6, Plaintiff's counsel has not responded to Vesync's specific requests. (*Id.*) Given Vesync's January 12 deadline, Vesync files this letter unilaterally.

Respectfully submitted,

/s/ *Armin Ghiam*

cc:  All Counsel of Record (via ECF)

The Court will hold a telephonic conference on Defendant's request for targeted discovery on Friday, January 9 at 2:00 p.m. The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Individual Rules. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 65.

SO ORDERED.
Dated:  January 8, 2026
New York, New York

GREGORY H. WOODS
United States District Judge