# HUNTON

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

ARMIN GHIAM
DIRECT DIAL: 212 • 908 • 6207
EMAIL: aghiam@hunton.com

FILE NO: 127424.97

## MEMORANDUM ENDORSED

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 01/13/2026

January 12, 2026

**Via ECF**

Hon. Gregory H. Woods, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl St. Room 12C
New York, NY 10007-1312

**Re:**   ***Shenzhen Risheng Yueheng E-Commerce Co., Ltd. v. Vesync (US) Corp., No. 1:25-cv-07547-GHW***

Dear Judge Woods:

We represent Defendant Vesync (US) Corporation ("Vesync") in this action. Pursuant to Your Honor's Individual Rule 2(E)(ii) and Fed. R. Civ. P. 37(a)(1), the parties submit this joint letter to request a pre-motion conference. Vesync seeks the Court's intervention to obtain essential discovery from Plaintiff and respectfully requests that its Reply to Plaintiff's Opposition be postponed until Plaintiff produces the requested materials. Plaintiff opposes this request and states that this was already dealt with in the prior Conference with the Court.

### I.   Defendant's Position

On November 10, 2025, Defendant VeSync filed a Motion for Preliminary Injunction seeking to enjoin Plaintiff from making false statements regarding its air filters, which are advertised as capable of capturing 99.97% of airborne particles measuring 0.3 microns. On January 5, 2026, Plaintiff opposed the motion and submitted an expert report from Dr. Eric Brown, supported by a test report from Intertek laboratory in China. The report purportedly demonstrates that Plaintiff's sample filter removes 99.97% of tested particles. However, and no documentation establishing the report's foundation has been provided.

Upon review, VeSync and its expert concluded that the Intertek report is a forgery or at the very least unreliable. On January 6, 2026, VeSync requested specific information from Plaintiff to substantiate the report. Plaintiff failed to respond, prompting VeSync to notify the Court. The Court held a conference on January 9, where it denied VeSync's immediate discovery request due to timing, but ordered the parties to meet and confer to discuss a proposed schedule for Plaintiff to provide the requested information.

# HUNTON

Hon. Gregory H. Woods, U.S.D.J.
January 12, 2026
Page 2

Following this conference, VeSync proposed that Plaintiff produce the requested information by Wednesday, with VeSync's Reply due Thursday, subject to the Court's discretion regarding any schedule change. VeSync also proposed, should Plaintiff seek a sur-reply and deposition, that the deposition occur in February and the hearing be rescheduled accordingly. Plaintiff did not respond to this proposal, but instead, on Monday morning, submitted an ***unsworn letter*** from its expert claiming that the report is authentic and reliable.

Mr. Brown's unsworn letter, in fact, amplified the questions regarding the report's legitimacy. Dr. Brown has not ordered any tests, has not communicated with Intertek, and lacks foundational knowledge regarding the testing process. It is unusual for an expert who did not commission the test to opine on unrelated matters such as the mailing address of a Chinese company or whether a test report properly includes the company's Chinese name. While Dr. Brown acknowledges that he has not ordered any filter testing from Intertek, in his unsworn letter he asserts that he has reviewed dozens of test reports from Intertek's China location. He also claims that each Intertek location uses a different report format, but does not state that he has reviewed tests from the specific location involved in this case. Notably, VeSync has recently obtained test reports from this particular Intertek location, and they differ from the report Plaintiff submitted. VeSync has further learned that the test may not have complied with the IEST-RP-CC001.7 methodology.

Thus, i) the requested data, ii) a deposition of Plaintiff's expert, and iii) all communications with Intertek are essential for VeSync to respond to Plaintiff's Opposition.

**Discovery Sought by VeSync**: VeSync requested specific discovery relevant to the reliability of the test results submitted by Plaintiff, including:

- **Section F3.2.3 of IEST-RP-CC001.7**: Information on the "Uniformity of the challenge aerosol distribution in test duct," specifically the locations and concentrations for each grid point upstream and downstream, as required by Section F3.2.3.

- **Particle Size Data**: The report lists a particle size of 0.30 μm without a range. VeSync requested the actual particle size range, the count median diameter, the mass median diameter, and raw instrument data.

These data are essential to determine whether the tests were conducted properly and if the results are reliable. Plaintiff's refusal to produce them is unjustified and made in bad faith because:

- The requested data should exist and be readily available, as it is standard for such testing.

# HUNTON

Hon. Gregory H. Woods, U.S.D.J.
January 12, 2026
Page 3

- Plaintiff chose a third-party laboratory in China after filing this action, preventing the Court from exercising subpoena power.

- Plaintiff used a carcinogenic challenge material banned in the U.S., ensuring the test cannot be repeated or independently verified.

These actions indicate a deliberate attempt by Plaintiff to shield its methodology and results from scrutiny, depriving VeSync and the Court of material evidence. VeSync has met and conferred in good faith, but Plaintiff continues to withhold the requested data.

**Relief Requested**: VeSync respectfully requests the Court order Plaintiff to produce the requested discovery on an expedited basis and postpone VeSync's Reply until Plaintiff complies or withdraws its expert report. VeSync also seeks a deposition of Plaintiff's expert, Dr. Brown and all communications between Plaintiff and Intertek concerning the test report. VeSync is willing to modify the current schedule as necessary and requests the Court amend the schedule accordingly.

**Meet and Confer Efforts**: Pursuant to Fed. R. Civ. P. 37(a)(1), counsel have conferred to resolve this dispute. On January 9, following a Court conference, Plaintiff's counsel agreed to meet and confer with VeSync's counsel. During the meeting, Plaintiff's counsel did not initially refuse production. On January 12, at 4:19 p.m. ET, Plaintiff's counsel confirmed for the first time that Plaintiff would not produce the requested documents.

VeSync has made repeated good faith efforts to resolve this dispute without Court intervention, but the parties have been unable to reach a resolution.

## II.    Plaintiff's Position

### 1.  Requests Concerning the Deposition of Dr. Brown and Communications with Intertek

Vesync did not raise any request concerning the deposition of Dr. Brown or communications with Intertek until 9:22 p.m. on January 12, 2026. As a result, the parties never had a meaningful opportunity to meet and confer on those issues.

Earlier this evening, at 7:14 p.m., Vesync's counsel circulated a first draft of the joint discovery letter that contained no such requests. *See* **Exhibit B**. Nor did Vesync raise these issues during the parties' conference with the Court on January 9, 2026. Plaintiff timely inserted its opposition into the draft letter. Only then—at 9:22 p.m.—did Vesync circulate a revised version that materially altered its position, adding for the first time demands for the deposition of Dr. Brown and communications with Intertek. This last-minute change in position deprived

# HUNTON

Hon. Gregory H. Woods, U.S.D.J.
January 12, 2026
Page 4

Plaintiff's counsel of any opportunity to consult with its client or assess Dr. Brown's availability.

Such conduct is incompatible with good-faith conferral and, standing alone, warrants denial of Vesync's requests.

## 2.  Requested data concerning Testing report

Vesync seeks to burden Plaintiff and this Court with relitigation of the issues set forth in its prior request for pre-motion conference which was fully addressed by this Court on an expedited basis on January 9, 2026, and such request was denied.

Following the Court's directive on January 9, 2026, Veysnc requested a follow up call with Plaintiff's counsel to "revisit" the subject of the call with the Court.  Unfortunately, Vesync's counsel simply acted as if the Court had not said a single word, and asked when the documents it was seeking from Intertek would be furnished.  Mr. O'Connor repeated, again, for Vesync's counsel that he had not had any opportunity to speak to Dr. Brown or Intertek and has no control over whether Intertek could or would share any further data.  Vesync's counsel again reiterated his refusal to adjust the hearing date and insisted that he receive promptly the very documents this Court refused to order.

Earlier today, we furnished Vesync with a detailed letter from Dr. Brown who addresses each of the alleged "deficiencies" in the Intertek report that are identified by Mr. Ghiam. A true and correct copy of same is attached hereto as **Exhibit A**.  As Dr. Brown makes clear, the purported concerns over the Intertek report are nonsensical and there is simply nothing to address.

Indeed, it is plain to see that this bid for more information is nothing but a stall tactic. Ostensibly, Plaintiff asks this Court to have yet another conference where it will ask this Court for an Order directing Plaintiff to produce records in the custody or control of a non-party (Intertek) and despite the fact that Vesync previously took the position it sought no discovery whatsoever from Plaintiff in connection with the Preliminary Injunction hearing.  For the same reasons the Court issued its Order on September 9, 2026, the Court should strike this request for a conference as being a motion in reconsideration in disguise, with no basis in fact or law.

# HUNTON

Hon. Gregory H. Woods, U.S.D.J.
January 12, 2026
Page 5

Respectfully submitted,

*/s/ Armin Ghiam*
Armin Ghiam

/s/ Dandan Pan (with permission)
Dandan Pan

cc:  All Counsel of Record (via ECF)

The Court will hold a conference on Defendant's request for discovery and to extend its deadline to file a reply on January 14, 2026 at 11:00 a.m. in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York, 10007.

SO ORDERED.
Dated:  January 13, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge